COMMONWEALTH *vs.* EDWARD T. McMANUS.

Middlesex. March 2, 1894. — March 5, 1894.

Present: FIELD, C. J., ALLEN, HOLMES, LATHROP, & BARKER, JJ.

*Intoxicating Liquors — Illegal Keeping for Sale — Evidence of Intent to Sell.*

At the trial of a complaint for unlawfully keeping intoxicating liquors with intent unlawfully to sell the same, the uncontradicted evidence for the government showed that the constable and selectmen, who were young men of the town in which the defendant's premises were situated, visited the premises, which consisted of a dwelling-house, shed, and barn, very early in the morning, with a warrant to search the premises for intoxicating liquors; that the defendant, after their denial of his request to wait a few minutes, let them into the house, remarking that "he thought the boys would give him the same chance that the

other selectmen had given him "; that they found in a small room with a sink in it three barrels containing a large number of bottles filled with lager beer, also in the same room upon tin waiters on a table several glasses discolored and smelling of whiskey, tunnels, measures, and mugs, also in a closet several flasks filled with rum, and a large quantity of empty bottles and flasks in the house and shed, besides wine glasses and a wire drainer; that in the cellarway leading from the barn to the barn cellar was a whiskey barrel, with a capacity of thirty to forty gallons, set upon blocks, and having a faucet, and containing about two gallons of whiskey; and that the defendant's family consisted of himself, his wife, and three children. *Held*, that the evidence was sufficient to warrant a verdict of guilty.

COMPLAINT, to the District Court of Central Middlesex, for unlawfully keeping intoxicating liquors with intent unlawfully to sell the same, on April 23, 1893, at Stow. Trial in the Superior Court, before *Fessenden*, J., who allowed a bill of exceptions, in substance as follows.

The witnesses for the government were the constable and three selectmen of the town of Stow, who were young men. They visited the defendant's premises, which consisted of a dwelling-house, shed, and barn, on April 23, 1893, at twenty minutes before six o'clock in the morning, with a warrant to search the premises for intoxicating liquors. They rapped at the door of the defendant's house, and he asked them if they could not wait a few minutes. They answered, No; and the defendant let them into the house. After they had entered, the defendant said to them that he thought the boys would give him the same chance that the other selectmen had given him.

They found in the house, in a small room with a sink in it, three barrels, two of which were packed nearly full, and the third partly full, of bottles filled with lager beer. One dozen bottles in the top of the third barrel had contained lager beer, and were empty, and one bottle in the top of this barrel was half full of lager beer. There were two hundred and fifteen full bottles of lager beer in the three barrels. On the table near the sink were two tin waiters, and on these waiters were seven or eight glasses, all of which were discolored as though they had been used, and two of them smelt of whiskey. The witnesses also found on the same table two small tunnels, one two-quart measure, and one smaller measure. In a closet in the same room were a lot of whiskey glasses and some beer mugs. There were twenty-three whiskey glasses in all taken from the defendant's

house. In the dining-room closet there were ten to fifteen quart flasks filled with rum. Forty-seven empty lager beer bottles, six ale bottles marked stock ale, and eighteen empty whiskey bottles and flasks, were found in the house and shed. Some of these empty bottles were found over the shed. Two wine glasses and a wire drainer, such as is used as a dish drainer, were found in the defendant's house. In the cellarway leading from the defendant's barn to his barn cellar was a whiskey barrel, with a capacity of thirty to forty gallons, which was set up on blocks. In this barrel was a faucet from which whiskey could be drawn. One of the witnesses drew a very small quantity of whiskey through the faucet. There were about two gallons of whiskey in the barrel, according to the estimate of the witnesses. The evidence was uncontradicted. It appeared that the defendant's family consisted of himself, his wife, and three children.

The defendant offered no testimony, and requested the judge to rule that, upon the evidence, the jury would not be justified in finding a verdict of guilty. The judge refused so to rule; and ruled that, upon the whole evidence, it was for the jury to determine whether the liquors were kept by the defendant with the intent charged in the complaint.

The jury returned a verdict of guilty; and the defendant alleged exceptions.

*F. P. Curran*, for the defendant.

*G. A. Sanderson*, Assistant District Attorney, for the Commonwealth.

BY THE COURT. The evidence was sufficient to warrant the verdict of the jury.        *Exceptions overruled.*